IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTIN MCKNIGHT, ) | CASE NO.: 5:18-CR-340 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Respondent. ) | |

This matter comes before the Court upon Petitioner, Justin McKnight's ("Mr. McKnight" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #47). The Government filed a Response in Opposition. (ECF #49). Petitioner did not file a reply. For the reasons set forth herein, the petition (ECF #47) is DENIED.

I.     **PROCEDURAL HISTORY**

On March 30, 2018, a Federal Bureau of Investigation (FBI) Task Force Officer, operating covertly in cyberspace, accessed an online file-sharing program on the "BitTorrent" network, a network which allows users to access shared files on-line. The FBI officer used a special law enforcement program to search BitTorrent and found suspected child pornography files available for download from a computer with an IP address inside Mr. McKnight's residence. The FBI officer downloaded a total of 31 child pornography files from Petitioner's computer, including depictions of minors engaging in genital and anal intercourse, oral sex, and exhibition of the minors' genitalia. Law enforcement obtained a search warrant for Mr. McKnight's residence and seized his computer and cell phone on April 24, 2018. The two devices contained 296 videos of

child pornography, again including images of minors engaging in sex acts. Seventeen of the videos involved toddlers.

On June 27, 2018, a federal grand jury in the Northern District of Ohio charged Petitioner in a two-count Indictment with receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count 1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). (ECF #1). On November 19, 2018, Mr. McKnight pled guilty to the Indictment with a Plea Notice. (ECF #14).

The PSR found that Petitioner's applicable base-offense level was 22, after grouping the calculation for receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct and possession of child pornography. The PSR added the following enhancements: two levels because the offense involved a prepubescent minor; four levels because the offense involved material that depicted sexual abuse or exploitation of an infant or toddler; two levels because the offense involved the use of a computer to commit the offense; and five levels since the offense involved more than 600 images. The enhancements resulted in an adjusted offense level of 35 and the PSR subtracted three levels for acceptance of responsibility, resulting in a total offense level of 32. Due to previous convictions, the PSR found a Criminal History score of three and corresponding category of II, with an advisory Guidelines range of 135-168 months. Petitioner was also subject to a fine of up to $250,000, a special assessment of $100 per count, and an additional special assessment of $5,000 per count pursuant to the Justice for Victims of Trafficking Act of 2015 (JVTA).

Attorney Hilow filed a 21-page Sentencing Memorandum on Petitioner's behalf and at sentencing, the Court agreed with the PSR's advisory Guidelines range of 135 to 168 months. The Court imposed 135 months of incarceration, five years of supervised release, a $200 special

assessment to the Court, and a mandatory $5,000 special assessment, per count, for a total of $10,000, pursuant to the JVTA. (ECF #20). On August 9, 2012, Petitioner filed an appeal, which the Sixth Circuit rejected and upheld Mr. McKnight's sentence on March 12, 2020. Petitioner filed a motion for compassionate release under the First Step Act of 2018, which this Court dismissed without prejudice on June 4, 2020. (ECF #38). On July 17, 2020, Petitioner filed a *pro se* motion to waive the $10,000 special assessment imposed at his sentencing, arguing he was indigent. On September 8, 2020, the Court denied Petitioner's motion to waive the special assessment, finding no statutory basis to allow the Court's modification of his sentence and that he was not indigent. (ECF #45).

Petitioner filed a *pro se* Notice of Appeal on September 18, 2020, and on April 26, 2021, the Sixth Circuit affirmed the Court's decision. On March 8, 2021, Mr. McKnight filed this instant Motion to Vacate, Set Aside, or Correct Sentence under § 2255, alleging: (1) that trial counsel, Attorney Hilow, and appellate counsel, Attorney Gibbons, ignored his requests to challenge the image count and hire a forensic expert; (2) Attorneys Hilow and Gibbons were ineffective for failing to challenge the "dubious" toddler enhancement; (3) the Court's sentence was unfair; (4) the Court's ruling on his Motion to waive the special assessment was improper; and (5) his motions have not been properly presented due to lack of resources. (ECF #47).

## II. STANDARD FOR RELIEF UNDER § 2255

A petitioner who moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). A court may grant relief

3

under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted); *see also, United States* v. *Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stand fairly and finally convicted." *Id.* at 164. Thus, to prevail on a § 2255 motion, the Petitioner must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

### III. ANALYSIS

Mr. McKnight alleges several claims of ineffective assistance of counsel with respect to his sentence and his appeal. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. Further, in the context of guilty pleas, to establish prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's

4

errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006).

Mr. McKnight cannot support any of his claims for ineffective assistance of counsel. First, Petitioner argues that he asked Mr. Hilow to hire a forensic expert to challenge the image count and that his request was denied due to lack of funds. The record shows that Mr. McKnight hired Mr. Hilow and that at no time was appointment of counsel recommended following a review of Petitioner's financials. However, nothing in the record demonstrates Petitioner's intent or willingness to pay for an expert. Further, Mr. McKnight fails to support his position that the images count is improper. USSG § 2G2.2(b)(7)(D) provides for a five-level increase if the offense involves 600 or more images. Here, 296 videos were recovered from Petitioner's electronic devices, and for the purposes of determining the number of images under Application Note 6(B)(ii), "each video…shall be considered to have 75 images." *See United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007). Given that the number of images seized from Petitioner significantly surpassed the 600 mark, the Court cannot find that Mr. Hilow's decision not to hire a forensic expert fell below an objective standard of reasonableness. Petitioner also objects to the enhancements applied to his offense conduct, including enhancements for the number of images, that the images involved the sexual exploitation of toddlers or babies, and for his use of a computer. Based on its review of the record and applicable law, the Court finds the enhancements were appropriately applied and Mr. McKnight's arguments are unpersuasive.

Next, Petitioner argues that the Court improperly associated his viewing conduct with those who commit physical offenses, and that Mr. Hilow was ineffective for failing to correct the Court's "dubious" statements. Petitioner also argues that his appellate counsel failed to raise this specific claim on appeal. However, Mr. Gibbons did, albeit unsuccessfully, present a modified version of

this argument. Based on the record, Mr. McKnight mischaracterizes the Court's statements regarding the offense conduct and Petitioner's argument that the Court imposed sentence based on its belief that he is a child molester is without merit. Accordingly, the Court finds no grounds to support Petitioner's ineffective assistance of counsel claim.

Finally, Mr. McKnight asserts his counsel was ineffective for failing to object to the $10,000 JVTA special assessment, but he provides little to no argument in support. Petitioner's crimes of conviction fall under Chapter 110 of Title 18, and thus trigger the special assessment. The Court previously denied Petitioner's *pro se* motion challenging the special assessment, finding that he could not prove he was indigent based on his education, work history, and ability to earn money while incarcerated. Accordingly, the Court agrees that counsel was not ineffective for failing to challenge the assessment based on the facts in this matter, and Petitioner fails to demonstrate that the outcome would have been different had counsel objected. Based on applicable case law and the record, there is no evidence that could support a finding that counsel's performance fell below the objective standard of reasonableness, or that any alleged deficiencies would have altered Mr. McKnight's decision to plead guilty.

## **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

6

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate, "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, as well as those set forth in greater detail in the Government's briefings, the Court concludes that Mr. McKnight has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #47) is DENIED. Because the files and record in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending motion. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: _May 11, 2021_